# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASLAN RESIDENTIAL I, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> VIRGINIA A. MONTANA, <br><br> Defendant. | CASE NO. 12-CV-2706-MMA(BGS) <br><br> **ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On November 6, 2012, Defendant Virginia A. Montana removed this action from the State of California, Superior Court for the County of San Diego, North County Division. [Doc. No. 1.] Having reviewed Defendant's notice of removal, the Court finds it does not have subject matter jurisdiction over this action. The Court therefore **REMANDS** this action to San Diego County Superior Court, North County Division.

## BACKGROUND

The underlying complaint arises from Plaintiff's efforts to evict Defendant from real property located at 2841 Oro Blanco Cir., Escondido, CA 92027 (the "Property"). [Doc. No. 1, Exh. A.] Plaintiff alleges it is entitled to immediate possession, as the Property was sold in accordance with California Civil Code section 2924. Plaintiff further alleges that on September 4, 2012, Defendant was served with a three-day written notice to quit and deliver the Property to Plaintiff, in accordance with California law. The three-day period has expired, and Defendant

refuses to deliver possession of the Property to Plaintiff.  Plaintiff seeks possession of the Property and costs of suit for Defendant's alleged unlawful detainer of the Property.  Defendant contends removal of the unlawful detainer action is appropriate because "[t]he sell [sic] of defendant's property was a sham, however defendant will not be able to receive a fair hearing or trial in state Superior Court for San Diego County in that she will be denied due process because the Superior Court for San Diego County will ignore any evidence if there is a trustee's deed upon sell [sic], whether valid or not, denying defendant an opportunity to be heard."  It is unclear on what basis Defendant believes this matter is removable to federal court

## DISCUSSION

The federal court is one of limited jurisdiction.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).  It possesses only that power authorized by the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is constitutionally required to raise issues related to federal subject matter jurisdiction, and th Court may do so *sua sponte*.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Removal jurisdiction is governed by 28 U.S.C. §§ 1441 *et seq*.  A state court action can only be removed if it could have originally been brought in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law.  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983).  Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d

564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Here, the state court complaint does not allege any claim "arising under" federal law. Plaintiff in the state court action sets forth a single cause of action for unlawful detainer – a claim that arises exclusively under California state law.[1] The only basis for Defendant's removal appears to be her assertion that she will be denied a fair hearing and trial because the state court will "ignore any evidence if there is a trustee's deed upon" sale. Construing Defendant's notice of removal as arguing for civil-rights removal, she fails to show that removal under 28 U.S.C. section 1443 is appropriate because she has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [her] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966). Although she generally asserts in her Notice of Removal that the state court proceedings will deprive her of her due process rights, she does not assert that any statute commands the state courts to ignore her federal rights.

## CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to section 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. Accordingly, the above captioned case is **REMANDED** to the Superior Court for the County of San Diego, North County Division, case no.

---

[1] In addition, the record does not indicate whether the parties are residents of different states, but a review of the complaint reveals that Plaintiff does not seek damages, and the amount-in-controversy requirement to establish diversity jurisdiction is not met.

1 | 37-2012-00039365-CL-UD-NC. The Clerk of Court is instructed to return the case to the state
2 | court and to close this matter.
3 | **IT IS SO ORDERED.**
4 | DATED: November 6, 2012

Hon. Michael M. Anello
United States District Judge